UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID THOMPSON, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-746-GMB |
| ) | |
| MARK PETTWAY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiffs David Thompson, Wendall Major, Terry Hale, Al Finley, and Wayne Curry filed the instant complaint pursuant to 42 U.S.C. § 1983 against Sheriff Mark Pettway and the Personnel Board of Jefferson County, Alabama alleging violations of their procedural due process rights. Doc. 30. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 24.

Before the court are two motions for summary judgment and a motion to strike. Pettway filed the first motion for summary judgment, along with a brief and evidence in support. Docs. 39 & 43. The Board filed the second motion with a brief and evidence in support. Docs. 41 & 42. Plaintiffs filed briefs and evidence in opposition to the motions. Docs. 45–47. Both Pettway and the Board filed reply briefs in support of their motions for summary judgment. Docs. 48 & 49. In his

reply brief, Pettway argued that the court should strike one of the affidavits filed by Plaintiffs in opposition to summary judgment. Doc. 49 at 4 n.3. The court construed this argument as a motion to strike and ordered briefing. Doc. 50. Despite receiving an extension of their deadline (Doc. 52), Plaintiffs did not respond to the motion to strike. After careful consideration of the parties' submissions and the applicable law, and for the reasons to follow, the court concludes that the motion to strike and the motions for summary judgment are due to be granted.

## I. MOTION TO STRIKE

Pettway moves to strike the affidavit of Judi McAnally, who was the Payroll Coordinator for the Jefferson County Sheriff's Office during the relevant time period, because Plaintiffs did not disclose her in their initial disclosures or discovery responses.[1] Doc. 49 at 4 n.3; Doc. 50. In the alternative, Pettway asks the court to consider a supplemental affidavit (Doc. 49-1) he submitted in response to McAnally's affidavit.

Federal Rule of Civil Procedure 26 imposes various duties on litigants to disclose information during the discovery process. In general, Rule 26(a)(1)(A) requires initial disclosure of the name of each individual likely to have discoverable information that may be used to support a claim or defense, along with the

---

[1] Pettway represents that Plaintiffs never answered his discovery requests. Doc. 49 at 4 n.3. Pettway, however, never moved to compel answers to any outstanding discovery requests.

corresponding subject matter. Litigants must supplement their Rule 26 disclosures at appropriate intervals. Fed. R. Civ. P. 26(e)(1). Rule 37 describes the consequences for a party's failure to follow these rules. Exclusion of the corresponding evidence is the default sanction for a failure to comply with Rule 26(a), but district courts have the discretion to decide whether to exclude evidence under Rule 37(c). *See Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (stating that "[t]he district court may impose other appropriate sanctions in addition to or in lieu of the evidentiary exclusion"). Under Rule 37(c)(1), a party who fails to provide the information required under Rule 26(a) or (e) is not allowed to use that information at trial, at a hearing, or in a motion, unless the failure is substantially justified or harmless. "'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)).

Despite having the opportunity to respond to the motion to strike and an extension of their deadline to do so (Docs. 50 & 52), Plaintiffs did not file a response to the motion to strike and have not explained why they failed to disclose McAnally as a witness. With no explanation for the non-disclosure, the exclusion of McAnnally's testimony "'is automatic and mandatory.'" *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.*, 388 F.3d 976, 983 (6th Cir. 2004) (quoting

*Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004)). Accordingly, the motion to strike her testimony is due to be granted.[2]

## II. MOTIONS FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that

---

[2] Because the court strikes McAnally's affidavit, it will not consider Pettway's supplemental affidavit responding to her testimony.

there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Indeed, the nonmovant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

When a district court considers a motion for summary judgment, it "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted).  The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen v. Bd. of Pub. Ed. for Bibb County*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Importantly, if the nonmovant "fails to adduce evidence which would be sufficient . . . to support a jury finding for [the nonmovant], summary judgment may be

granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

**B.     Statement of Relevant Facts**

Created by the Enabling Act in 1935, the Personnel Board is an independent government agency charged with administering the civil service system for public employees in Jefferson County, Alabama. *See* 1945 Ala. Acts 248 (as amended); Doc. 42-1 at 85–86. The Personnel Board established a set of Rules and Regulations "governing examination, appointments, suspensions, dismissals, . . . , [p]romotions, [d]emotions, [t]ransfers, salary adjustments and 'any and all other rules and regulations necessary for administering a scientific and economical' personnel system." Doc. 42-1 at 85.

### 1.     *Pertinent Rules and Regulations*

Rule 11.6 of the Rules and Regulations place employees in a 12-month probationary period after any promotion. Doc. 42-1 at 4, 120–21. During this probationary period, an employee "may be returned to his or her last held class if the position is still vacant and agreed upon by the Appointing Authority over the formerly held Class." Doc. 42-1 at 121. This procedure is called a "roll back." *See* Doc. 42-1 at 3–4. Employees do not have a right to appeal a roll-back decision under Rule 12.2, which is the rule governing appeals for disciplinary actions. Doc. 42-1 at 121, 125.

Rule 15 of the Rules and Regulations, however, provides for a grievance procedure when an employee alleges "that an action taken by a co-employee, supervisor or other person acting on behalf of the Regular Employee's Appointing Authority, adversely affected a substantial term or condition of the . . . [e]mployee's employment with the Appointing Authority." Doc. 42-1 at 143.  The grievance procedure sets out three steps for processing a complaint.  The employee first submits any grievance to his supervisor and files it with the Employee Relations Department of the Personnel Board. Doc. 42-1 at 144.  The supervisor then responds to the grievance or refers it to his immediate supervisor. Doc. 42-1 at 144.  If the supervisor fails to respond or the response does not satisfy the employee, the grievance proceeds to step two. Doc. 42-1 at 144.

Under step two, the employee submits the grievance to his department head. Doc. 42-1 at 144.  If the employee disagrees with the department head's decision, he proceeds to step three by submitting the grievance to the Director of the Personnel Board. Doc. 42-1 at 144.  The Director must notify the employee in writing of his decision, and either party may appeal to the Personnel Board. Doc. 42-1 at 144.  If the Director determines the grievance "is subject to adjustment under Rule 15, he shall then appoint a Hearing Officer." Doc. 42-1 at 144.  The Hearing Officer conducts a formal hearing, renders findings of fact, and makes a formal recommendation to the Personnel Board. Doc. 42-1 at 145.  The Personnel Board

must make a final decision on the grievance at its next meeting. Doc. 42-1 at 145.

### 2. *Chronology of Events*

Pettway defeated Mike Hale, the incumbent Jefferson County Sheriff, in an election on November 6, 2018. Doc. 39-1 at 2. After he lost the election but before Pettway took office, Hale promoted several employees, including Plaintiffs. Doc. 39-1 at 2–3, 7. Specifically, Hale promoted:

- Thompson from captain to metro area crime center commander on November 20, 2018;
- Finley from captain to deputy chief on November 22, 2018;
- Major from lieutenant to captain on December 3, 2018; and
- Hale and Curry from sergeant to lieutenant on December 20, 2018.

Doc. 39-1 at 2-3, 7.

Pettway began his term as Sheriff of Jefferson County on January 14, 2019. Doc. 39-1 at 3. When he learned of Hale's promotions during the transition period, he "decided to roll those affected employees back to their prior rank until [he] had an opportunity to evaluate them for promotion." Doc. 39-1 at 3. To that end, Pettway completed roll-back request forms and submitted them to the Personnel Board on January 16 for all of the promoted employees, including Plaintiffs. Doc. 39-1 at 3–4, 9–13. He also notified each affected employee. Doc. 39-1 at 15–18. On January 18, the Personnel Board confirmed that the recently promoted employees were roll-back eligible under Rule 11.6 because they were "within their probationary period for the promoted job class." Doc. 39-1 at 20.

After returning to their previous positions, Plaintiffs filed individual Rule 15 grievances. Doc. 39-1 at 4; Doc. 42-1 at 7–8, 17–18, 31–33, 44–45, 63–64. The grievances advanced through the Rule 15 procedure (Doc. 42-1 at 9–12, 19–26, 35–39, 46–57, 61–62), and at step three the Director of the Personnel Board rejected their grievances because they had been in the probationary phase at the time of the roll-back decisions, so the roll backs were proper under Rule 11. Doc. 39-1 at 23–27; Doc. 42-1 at 15, 27, 42, 58. He also determined that the roll-back decisions were not appealable. Doc. 39-1 at 23–27; Doc. 42-1 at 15, 27, 42, 58. Plaintiffs disagreed and advanced to step three of the grievance procedure. *See* Doc. 42-1 at 73.

On March 12, 2019, the three members of the Personnel Board heard argument from all five of the plaintiffs. Doc. 42-1 at 73–75. The Personnel Board found that Rule 11.6(b) of the Rules and Regulations authorized Pettway to return Plaintiffs to their previously held positions. Doc. 42-1 at 75. The Personnel Board also concluded that Plaintiffs were not entitled to any further hearings or process under Rule 15. Doc. 42-1 at 75.

**C.     Discussion**

The Second Amended Complaint alleges that Pettway and the Personnel Board violated Plaintiffs' procedural due process rights in violation of the 14th Amendment. Doc. 30 at 11. Specifically, Plaintiffs contend they were demoted without "adequate notice or a meaningful pre and/or any post-deprivation hearing."

Doc. 30 at 4, 6, 7–8, 9 & 11.  The Personnel Board argues that summary judgment is due to be granted on the claims against it because Plaintiffs were not deprived of a constitutionally protected liberty or process interest, nor did they receive constitutionally inadequate process. Doc. 42 at 8–12.  Pettway contends that summary judgment is appropriate on the claims stated against him because he is entitled to qualified immunity, and at any rate did not violate Plaintiffs' due process rights. Doc. 43 at 4–11.  The court concludes that Plaintiffs' due process claims fail for the following reasons.

"The due-process clause [of the Fourteenth Amendment] provides that the rights to life, liberty, and property cannot be deprived except pursuant to constitutionally adequate procedures." *Hatcher v. Bd. of Pub. Educ. & Orphanage*, 809 F.2d 1546, 1548–49 (11th Cir. 1987).  If the government does not comply with the Due Process Clause, the aggrieved party may seek compensatory damages and equitable relief under 42 U.S.C. § 1983. *McKinney v. Pate*, 20 F.3d 1550, 1555 & 1557 (11th Cir. 1994).  To that end, "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).  Plaintiffs have not satisfied the first or third elements of this test.

"Generally, a public employee has a property interest in continued employment if state or local ordinance in any way limits the power of the appointing body to dismiss an employee." *Ross v. Clayton County*, 173 F.3d 1305, 1307 (11th Cir. 1999) (internal quotations omitted).  Independent from limitations on the power to dismiss, "probationary employees [nevertheless] are thought to lack property interests in their employment because they are 'at will' employees without a legitimate claim of entitlement to continued employment." *Id*. at 1308.  Under some circumstances, however, a probationary employee "may nevertheless enjoy a property interest in their employment." *Id*.  To determine whether an employee has such a property interest, the court must look at the relevant state and local rules "in their entirety." *Blanton v. Griel Mem'l Psych. Hosp.*, 758 F.2d 1540, 1543 (11th Cir. 1985) ("The section governing probationary employees was clearly designed to offer a lesser expectation of continued employment than that offered to permanent employees.").

Here, the Enabling Act established the Personnel Board and charged it with establishing rules and regulations necessary for "governing examination, appointments, suspensions, dismissals, . . . , [p]romotions, [d]emotions, [t]ransfers, salary adjustments and 'any and all other rules and regulations necessary for administering a scientific and economical' personnel system." Doc. 42-1 at 85. Under the resulting regulations, an employee must complete a 12-month

11

probationary period after a promotion. Doc. 42-1 at 4, 120–21. During this probationary period, an employee "may be returned to his or her last held class if the position is still vacant and agreed upon by the Appointing Authority over the formerly held Class." Doc. 42-1 at 121. And the regulations do not grant a right to appeal this decision. Doc. 42-1 as 121.

It is undisputed that all of the plaintiffs remained in this probationary period at the time Pettway decided to return them to their previous positions. As the Appointing Authority,[3] Pettway had the discretion to place Plaintiffs in their previous positions as long as their previous positions remained vacant. Doc. 42-1 at 121. There is no evidence in the record that the positions were not vacant. In fact, the evidence establishes the opposite; each of the plaintiffs' former positions either remained vacant throughout the relevant period or became vacant when the roll backs took effect. *See* Doc. 39-1 at 7, 20–21. For this reason, Plaintiffs did not have a property interest in their recent appointments. *See Ross*, 173 F.3d at 1308; *Blanton*, 758 F.2d at 1543–44. With no property interest, their § 1983 claims cannot survive

---

[3] Plaintiffs argue that Mike Hale, the former Sheriff, somehow remained the Appointing Authority after he lost the election and left office. Doc. 45 at 2, 10; Doc. 46 at 2, 9–10. The Rules and Regulations define "Appointing Authority" to mean "[a]ny person, officer, board, council, commission or other governmental body whose lawful jurisdiction or powers are confined wholly or primarily within the territorial limits of Jefferson County and who or which possess final power to appoint persons to services, jobs, offices, or positions, the compensation of which is paid in whole or in part from the public funds of Jefferson County or from the public funds of a municipality in Jefferson County subject to this Act." Doc. 42-1 at 86–87. Hale's "final power" to appoint employees passed to Pettway when Pettway assumed the office of Sheriff of Jefferson County.

summary judgment.

Moreover, even if Plaintiffs had a property interest in their recent appointments, their procedural due process claims still would fail. A procedural due process violation does not occur unless the government fails to provide an adequate remedy. *See McKinney*, 20 F.3d at 1564–65. Here, Plaintiffs filed a grievance under Rule 15, proceeded through each step of the grievance process, and received a hearing before the Personnel Board.[4] Plaintiffs thereby received constitutionally adequate process.[5] *See Reams v. Irvin*, 561 F.3d 1258, 1263 (11th Cir. 2009) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

In sum, Plaintiffs' claims for violations of their procedural due process rights fail because they had no property interest in their new positions and because they had adequate state remedies. For these reasons, summary judgment is due to be granted in favor of the Personnel Board and Pettway.[6]

---

[4] All but Hale were represented by counsel at the hearing. Doc. 42-1 at 73.

[5] Plaintiffs do not advance any meaningful argument that the process was constitutionally inadequate. Instead, they contend that they were not provided a hearing to determine whether cause existed for their demotions. Doc. 45 at 10; Doc. 46 at 10. But Plaintiffs did not file a grievance under Rule 12, and the Rules and Regulations prohibit a Rule 12 grievance for probationary employees. Doc. 42-1 at 121. Plaintiffs cannot now complain that they did not receive process under a rule they did not, and could not, invoke.

[6] Because the court finds no constitutional violation, it does not address Pettway's argument that he is entitled to qualified immunity.

## III.  CONCLUSION

For these reasons, it is ORDERED as follows:

1. The motion to strike McAnally's affidavit is GRANTED.

2. Pettway's Motion for Summary Judgment (Doc. 39) is GRANTED; and

3. The Personnel Board of Jefferson County's Motion for Summary Judgment (Doc. 41) is GRANTED.

A final order will be entered.

DONE and ORDERED on April 28, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE